UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael J. Philippi, | Civil No. 11-2389 (JRT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Bart B. Brellenthin et al, | |
| Defendants, | |

This matter came before the undersigned United States Magistrate Judge upon Defendants' Motions to Dismiss.  The motions have been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons outlined below, the Court recommends that Defendants' Motions to Dismiss be granted.

## I. BACKGROUND

This action stems from a tax levy executed by the Internal Revenue Service (IRS) on a mortgage note held by Michael J. Philippi (Plaintiff).  On July 21, 2011, Plaintiff faxed and mailed a summons and complaint to Defendant Bart B. Brellenthin.  (Notice of Removal [Docket No. 1] at 1).  However, Plaintiff appears to not have served a copy of the summons and complaint on Defendant Greg Kane or the United States.  (Id.)

After Plaintiff faxed and mailed the summons and complaint to Defendant Brellenthin, on August 19, 2011, the United States removed the matter to federal court.  (Id.)  Although the United States was not a named defendant in the suit, Defendants Brellenthin and Kane are employees of the IRS, and Defendant alleges they were acting in their official capacity in the actions they took against Plaintiff.  (Id.)  Defendant Brellenthin is an Internal Revenue Officer

1

and Defendant Kane is the Deputy Chief Financial Officer of the IRS.  (Id.)  The Court held a hearing on December 1, 2011 on Defendants' motions to dismiss.  Although Plaintiff had notice of the removal of the suit and notice of the hearing, Plaintiff failed to appear at the hearing and has made no filings in this case.

In his original complaint, Plaintiff alleged that on July 3, 2003, Plaintiff and the Defendant Order of Saint Benedict (the Order) signed a mortgage note under which the Order would make annual payments to Plaintiff until the mortgage note was paid off.  (Id., Ex. 1 at 2).  The 2011 payment due to Plaintiff under the note was $67,812.51.  (Id.)  After receiving a Notice of Levy from the IRS, dated June 9, 2011, Plaintiff asserts that the Order released the 2011 payment to the IRS.  (Id.)  Plaintiff claims that he is entitled to the payment for three reasons: (1) because the IRS "is not registered with the Secretary of State of Minnesota, nor licensed by the Commerce Department to perform debt collection in this State"; (2) because the United States may not pass laws that impair the obligation of contracts; and (3) because "an Affidavit of Surety with Option Forms 90 and 91 were mailed to" the IRS to settle and close all IRS issues.  (Id.)  On these grounds, Plaintiff requests that the Court order the IRS to "withdraw" its levy and return the $67,812.51 to Plaintiff.  (Id.)  Alternatively, Plaintiff demands that the Order be ordered to pay $67,812.51 to Plaintiff as provided under the note.  (Id.)

**II.    DISCUSSION**

Before addressing the claims at issue, the Court acknowledges that the pleadings of pro se parties "[are] to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).  Nonetheless, "[a]lthough a court will read a pro se plaintiff's complaint liberally, a pro se complaint, [no less

than any other complaint], must present a claim on which the Court can grant relief." Chandler v. Roche, 215 F. Supp.2d 166, 168 (D.D.C. 2002). Furthermore, liberal construction of a pro se party's pleadings does not excuse them from complying with the substantive and procedural law. Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986).

### 1. The United States is the Proper Defendant in place of Defendants Brellenthin and Kane

Defendant first argues that Defendants Brellenthin and Kane should be dismissed from this action and the United States substituted as the proper defendant. (Mem. of Law in Supp. of Mot. to Dismiss [Docket No. 13] at 4).[1] The Court agrees.

"In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." Balser v. Dep't of Justice, Office of U.S. Trustee, 327 F.3d 903, 907 (9th Cir. 2003); see also Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."). In this case, Plaintiff's allegations are based on Defendants Brellenthin and Kane's actions in collecting taxes on behalf of their employer, the IRS. As such, Plaintiff's allegations are clearly based on Brellenthin and Kane's actions in their official capacities. Furthermore, the relief Plaintiff apparently seeks from Defendants Brellenthin and Kane (the return of the payment) is against the United States rather than Brellenthin or Kane. Where a judgment "would expend the public treasury, restrain the government from acting, or compel it to act," the suit is against the sovereign. Coleman v. Espy, 986 F.2d 1184, 1189 (8th

---

[1] In their briefs in support of these motions, all Defendants argued that they were never properly served. However, at the hearing, and on the record, all Defendants waived this defense. As such, Defendants' motions to dismiss for lack of service are considered moot, and the Court will not analyze whether service was improper.

Cir. 1993). Because Plaintiff has not alleged any facts that Defendants Brellenthin and Kane acted in anything other than their official capacity, Plaintiff's claims are against the United States. Where an employee of the United States is improperly named as a defendant, the United States should be substituted as the proper defendant. See, e.g., Scott v. United States, 449 F.2d 1291, 1292 (8th Cir. 1971); RedLake Band of Chippewa Indians v. United States, 861 F. Supp. 841, 842 n.1 (D. Minn. 1994).

### 2. Sovereign Immunity Bars Plaintiff's Claims Against the United States

Because the United States is the proper defendant in this case, it argues that the claims against it must be dismissed for lack of subject matter jurisdiction. Specifically, the United States argues that sovereign immunity bars this suit. Even though Defendants properly removed this action to federal court under 28 U.S.C. § 1442(a)(1), Plaintiff must still establish that the Court has subject matter jurisdiction over this action. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also V S Ltd. P'ship v. Dep't of Hous. and Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000) (explaining that a Plaintiff suing the United States has "[t]he burden of proving subject matter jurisdiction").

The United States may not be sued without its consent, and the terms of that consent must be "unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980). Sovereign immunity extends to agents and officers of the United States to the extent they are sued in their official capacities. Spalding v. Vilas, 161 U.S. 483, 498 (1896). Absent a waiver, sovereign immunity shields the United States and its agencies from suit. Miller v. Tony and Susan Alamo Found., 134 F.3d 910, 915 (8th Cir. 1998). The burden is on Plaintiff to show that subject matter exists by demonstrating that the United States has waived sovereign immunity. V S Ltd., P'ship, 235 F.3d at 1112; Barnes v. United States, 448 F.3d 1065, 1066 (citing V S Ltd., P'ship, 235

4

F.3d at 1112). Plaintiff has not filed a memorandum in response to the motion, and thus, he has effectively failed to point to any statute or case law authority that would demonstrate a waiver of sovereign immunity in order to allow him to maintain an action against the United States. In light of Plaintiff's pro se status, however, the Court finds it appropriate to address plausible statute provisions that might provide the Court with jurisdiction. Of course, the Court is mindful that Plaintiff's arguments are "reminiscent of tax-protester rhetoric that has been universally rejected by [the tax court] and other courts," Williams v. Comm'r, 114 T.C. 136, 138-39 (U.S. Tax Ct. 2000), and will not painstakingly address each of Plaintiff's claims "with somber reasoning and copious citation of precedent [because] to do so might suggest that these arguments have some colorable merit." Crain v. Comm'r, 737 F.2d 1417, 1417 (5th Cir. 1984).

To the extent Plaintiff seeks injunctive relief for the IRS to "withdraw" its levy, his argument fails. The ability of the government to collect taxes is well-established, and the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 5 (1962). Since the language of the AIA "could scarcely be more explicit," the Court lacks jurisdiction to consider Plaintiff's attempt to prevent the IRS from collecting taxes through liens or levies. Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974). Though the AIA includes a number of statutory exceptions, the Court does not find any exception applicable here and Plaintiff has failed to assert one.[2]

---

[2] The AIA is subject to several limited exceptions to the general rule against judicial interference in the collection of taxes. The two possibly relevant exceptions to this case are an action to enjoin a wrongful levy and a judicially

To the extent Plaintiff seeks relief for civil damages for unauthorized collection pursuant to 26 U.S.C. § 7433, the Court lacks subject matter jurisdiction over his claims because he has failed to demonstrate that he first filed an administrative claim for damages with the IRS. See 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.").

Therefore, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims against the United States based on Defendants Brellenthin and Kane's alleged conduct in their official capacities. As such, pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court recommends dismissal with prejudice.[3]

### 3. Plaintiff Fails to State a Claim Against Defendants Brother Benedict Leuthner and John Wenker

---

created exception. First, a suit may be brought under § 7426(a)(1) to enjoin a wrongful levy; however, the exception applies only to actions brought by **nontaxpayers** to enjoin a sale or levy where their interests are superior to those of the sovereign. 26 U.S .C. § 7426(b)(1). Second, a judicial exception exists when a plaintiff demonstrates that "(1) under no circumstances could the government ultimately prevail on its tax claim and (2) equity jurisdiction otherwise exists; either ground being conclusive." Mathes v. United States, 901 F.2d 1031, 133 (11th Cir. 1990) (citing Enochs, 370 U.S. at 6-7). Plaintiff has not argued, nor does it appear to the Court, that this is "one of those rare and compelling circumstances barring application of the Anti-Injunction Act." Id.

[3] To the extent Plaintiff seeks damages pursuant to a Bivens claim, for an alleged constitutional violation committed by Defendants Brellenthin and Kane in their individual capacities, Plaintiff fails to allege facts sufficient to state such a claim. See Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 392-97 (1971) (recognizing an action for unconstitutional conduct of federal officials acting under color of law). Generally, a Bivens claim does not exist for a collection of a levy made by an IRS employee because "Congress has provided specific and meaningful remedies for taxpayers who challenge overzealous tax assessment and collection activities." Vennes v. An Unknown Number of Unidentified Agents, 26 F.3d 1448, 1454 (8th Cir. 1994). "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies." Schweiker v. Chilicky, 487 U.S. 412, 423 (1988). The Federal Rules of Civil Procedure require a Plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[A]ccept[ing] all facts pled by the nonmoving party as true and draw[ing] all reasonable inferences from the facts in favor of the nonmovant," Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004), the Court finds that Plaintiff has failed to allege facts sufficient to state a Bivens claim.

Defendants Leuthner and Wenker assert that Plaintiff's claims against them should be dismissed for failure to state a claim upon which relief may be granted. (Defs.' Leuthner and Wenker's Mem. of Law in Supp. of Mot. to Dismiss [Docket No. 18] at 4).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. On a motion to dismiss, the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." Waldron, 388 F.3d at 593. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires a Plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 120 S. Ct. at 1949.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations and quotations omitted). Plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level." Id. Courts must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" their claims against each defendant "across the line from conceivable to plausible." Iqbal, 129 S. Ct. at 1950-52. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Farnham St. Fin., Inc. v. Pump Media, Inc., No. 09-233 (MJD/FLN), 2009 WL 4672668, at *3 (D. Minn. Dec. 8, 2009) (citing Iqbal, 129 S.Ct. at 1949).

7

Facts pled which "give the defendant fair notice of what the claim is and the grounds upon which it rests" meet the 12(b)(6) standard.  Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41 (1957)).  When analyzing a complaint on a 12(b)(6) motion to dismiss, courts should read "the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).  Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

Defendant Wenker is an attorney who represented "the Order of Saint Benedict to help facilitate the purchase of Plaintiff's property . . . ."  (Aff. of John H. Wenker [Docket No. 20] at ¶ 2).  Although Plaintiff listed Wenker as a defendant in the caption of the original complaint, Plaintiff entirely failed to allege any claims or facts therein regarding Wenker.  Therefore, Plaintiff fails to state a claim against Defendant Wenker, and his claim should be dismissed with prejudice.

As to Defendant Leuthner, Plaintiff appears to factually allege that Leuthner is the responsible party for releasing to the IRS the 2011 payment otherwise owed to Plaintiff under the note.  (Notice of Removal [Docket No. 1], Ex. 1 at 2).  Defendant Leuthner, the treasurer for the Order of Saint Benedict, does not dispute that the Order of Saint Benedict released the funds to the IRS and provides that he sent a "notice to Plaintiff that the IRS levied on the payment due for the purchase of the property . . . in the amount of $67,812.51."  (Aff. of Brother Benedict Leuthner [Docket No. 19] ¶ 4).  Rather, Defendant Leuthner argues that he cannot be held liable for his actions, nor can the Order, because the IRS had the authority to levy against Plaintiff and Defendant Leuthner acted pursuant to federal law.  The Court agrees.

When a person fails to pay their taxes, pursuant to 26 U.S.C. §§ 6321 and 6331(a), the government may impose a lien on the person's property and enforce the lien by initiating an administrative levy.  Allstate Fin. Corp. v. United States, 860 F. Supp. 653, 655 (D. Minn. 1994). "[A]ny person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary . . . ." 26 U.S.C. § 6332(a).  In addition to the obligation to comply with a levy, the statute provides a shield of immunity for anyone who does.  See Allstate Fin. Corp., 860 F. Supp. at 656; see also 26 U.S.C. § 6332(e) ("Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) **shall be discharged from any obligation or liability to the delinquent taxpayer** and any other person with respect to such property or rights to property arising from such surrender or payment.").  In fact, the statute even provides for personal liability if a person fails or refuses to surrender such property.  See 26 U.S.C. § 6332(d)(1).  Even if a taxpayer attacks the validity of the levy, it "does not alter the obligation of the [third-party] to honor the levies." Allstate Fin. Corp., 860 F. Supp. at 656.  Plaintiff fails to allege any facts that demonstrate anything other than Defendant Leuthner's mere compliance with federal law.  Thus, Plaintiff fails to state a claim against Defendant Leuthner, and his claim should be dismissed with prejudice.

Even though dismissal pursuant to Rule 12(b)(6) may be with or without prejudice, the Court believes that dismissal with prejudice on all claims is appropriate in this case in light of Plaintiff's failure to appear despite being given notice of the hearing, see Docket No. 24, and

Plaintiff's utter failure to allege any facts to support some claims or that demonstrate anything other than various Defendants' lawful exercise of statutory authority or their mere compliance with federal law.  See, e.g., Gordon v. Hansen, 168 F.3d 1109, 1114-15 (8th Cir. 1999) (dismissing with prejudice a procedural due process claim against FDIC officials for failure to state a claim because "[t]he FDIC complied with the relevant statutory procedures for issuing" a notice and order); DesRochers v. Fawks, No. 92-3448, 994 F.2d 842 (8th Cir. May 6, 1993) (unpublished decision) (affirming a dismissal with prejudice for failure to state a claim because of "the absence of any facts supporting [Plaintiff's] allegations").

### III.   CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that all Defendants' Motions to Dismiss [Docket Nos. 11, 16] be **GRANTED** and Plaintiff's claims dismissed with prejudice.

Dated: January 26, 2012                                                                s/Leo I. Brisbois
                                                                                                       LEO I. BRISBOIS
                                                                                                       United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 9, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.